UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JANCELL CORSINO,

                               Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
JOHN DOE #1, POLICE OFFICER JOHN DOE #2,
& POLICE OFFICER JOHN DOE #3 in their
individual and official capacities as employees
of the City of New York Police Department

                               Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

14 cv 6935

(NRB) (DF)

The Plaintiff, Jancell Corsino, by his attorney, Paul V. Prestia, Esq., of The Prestia Law Firm, P.L.L.C., alleges the following, upon information and belief for this Complaint:

**NATURE OF THE ACTION**

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, and against Police Officers John Doe #1, John Doe #2, & John Doe #3, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

**JURISDICTION**

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests that this Court exercise pendent jurisdiction over

those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

3.     Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because the events forming the basis of Plaintiff's Complaint occurred in that District.

## NOTICE OF CLAIM

4.     On June 21, 2013, Plaintiff filed a Notice of Claim upon defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claim may be served.

5.     The Notice of Claim was in writing, sworn to by Plaintiff, containing the name and address of the Plaintiff, and the name and address of Plaintiff's attorney.

6.     The Notice of Claim set out the nature of the claim, the time when, the place where, and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff.

7.     The City of New York has failed to adjust the claims within the statutory time period.

8.     This action is being commenced within one year and ninety days after the happening of the event upon which the claims are based. Plaintiff caused the Notice of Claim to be served upon Defendant the City of New York.

9.     A 50-H hearing of Plaintiff was conducted on May 16, 2014.

## PARTIES

10.     Plaintiff, Jancell Corsino, is a citizen of the United States and was, at all times relevant hereto, resident of the State of New York, Bronx County.

11.     Defendant Police Officers JOHN DOE #1, JOHN DOE #2, & JOHN DOE #3 (hereinafter, JOHN DOE #1, JOHN DOE #2, and JOHN DOE #3, respectively) were at all times

12.     relevant to this complaint a duly appointed and acting officers of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

13.     Defendant City of New York is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to Section 431 of its Charter. The City of New York has established and maintains a Police Department as a constituent department or agency of the defendant.

14.     At all relevant times, the City of New York and its Police Department employed the defendants.

15.     At all relevant times the Defendants JOHN DOE #1, JOHN DOE #2, and JOHN DOE #3 were a duly appointed and acting Police Officer of the New York City Police Department and was at all relevant times on duty on May 31, 2013.

16.     At all relevant times, Defendants JOHN DOE #1, JOHN DOE #2, and JOHN DOE #3 were acting under color of state law.

17.     At all relevant times, Defendants JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3 were agents, servants and employees acting within the scope of their employment by defendant City of New York.

**FACTS**

17. On or about approximately May 31, 2013, at approximately 5:00 p.m., Jancell Corsino (hereinafter "Plaintiff"), was at the 33rd Precinct, New York, NY.

18. Plaintiff's cousin had been arrested and Plaintiff had gone to precinct to get some information regarding said arrest.

19. Plaintiff was told by defendant Officer John Doe #1 to leave the precinct or he would be arrested.

20. Plaintiff left the precinct and was followed by defendant officers John Doe #1, John Doe #2 & John Doe #3 who chased and knocked plaintiff to floor.

21. Defendant John Doe #1 grabbed and twisted plaintiff's left wrist.

22. Defendant John Doe #2 stepped on plaintiff's head.

23. Defendant John Doe #3 kneed plaintiff in the groin.

24. Plaintiff was brought to the 33rd precinct.

25. Plaintiff was brought to Bellevue Medical Center to receive treatment of his injuries to his left wrist, head and groin.

26. Plaintiff was arraigned in NY County Criminal Court on June 1, 2013. Plaintiff was charged with resisting arrest and other related charges. Plaintiff was released on his own recognizance.

27. Plaintiff made several court appearances.

28. On or about January 8 2014, Plaintiff pled guilty to Public Lewdness.

29. Plaintiff sought further medical attention for his left wrist.

30. As a direct and proximate result of the malicious and outrageous conduct of Defendants set forth above, Plaintiff suffered injuries and damages including,emotional trauma, harm and distress, mental anguish, fear, pain and suffering to his head, and left wrist. The full extent of the injuries and damages suffered by Plaintiff has yet to be determined.

## FIRST CAUSE OF ACTION

## EXCESSIVE FORCE

31. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 30 of this complaint as if fully set forth herein.

32. The defendant police officer's use of force upon plaintiff, as described herein, and the individual defendant police officer's failure to intervene, was objectively unreasonable.

33. Accordingly, the police officers are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution.

## SECOND CAUSE OF ACTION

### (ASSAULT)

34   Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 of this complaint as if fully set forth herein.

35. The conduct of the Defendants acting under color of law, in physically restraining and striking plaintiff constituted the torts of assault, battery, trespass upon Plaintiff, negligence, and intentional infliction of emotional distress under the laws of the State of New York.

36. As a consequence thereof, Plaintiff claims damages for the aforesaid injuries.

## THIRD CAUSE OF ACTION

### (Monell )

37. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 36 of this complaint as if fully set forth herein.

38. On information and belief, prior to and including May 31, 2014, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

39. On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

40. On information and belief, it was the policy and/or custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause him injury and violate his state and federal constitutional rights.

41. On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein. Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

42. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be overlooked.

43. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights

guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1981.

44. The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries to Plaintiff..

45. As a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff's respectfully requests that judgment be entered as follows:

1. A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, and to be free from the deprivation of liberty without due process of law as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

2. A declaration that the defendants violated Plaintiff's rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens as guaranteed under 42 U.S.C. § 1981;

3. A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, to not be discriminated against in his civil rights because of his race or color, and to be free from the deprivation of liberty without due process of law as guaranteed under Article I, Sections 6, 11 and 12 of the New York State Constitution;

4. Compensatory damages against all defendants in an amount to be determined by a jury;

5. By reason of the wanton, willful and malicious character of the conduct complained of herein, exemplary and punitive damages against all defendants in an amount to be fixed at trial;

6. An award to Plaintiff of the costs and disbursements herein;

7. An award of attorney's fees under 42 U.S.C. § 1988;

8. Such other and further relief as this Court may deem just and proper.

Dated: August 20, 2014
New York, New York

_____/S/_____
PAUL V. PRESTIA, ESQ.
The Prestia Law Firm, P.L.L.C.
65 Broadway, Suite 716
New York, New York 10006
(212) 430-6313
Attorney for Plaintiff